IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JEREMY TRAVON MALONE,** | } |
| Petitioner, | } |
| v. | } Case No.: 5:10-cv-8020-RDP-JEO |
| | } 5:07-cr-250-RDP-JEO |
| **UNITED STATES OF AMERICA,** | } |
| Respondent. | } |

### ORDER

On July 12, 2013, the Magistrate Judge filed his Report and Recommendation in the above-styled cause (Doc. #24), recommending that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 be denied. Petitioner timely filed his objections to the Report and Recommendation on July 25, 2013.

Having now carefully reviewed and considered *de novo* all of the materials in the court file, including the Report and Recommendation and Petitioner objections, the court is of the opinion that Petitioner's objections are due to be overruled and the Magistrate Judge's Report and Recommendation is due to be adopted and accepted. Although the Magistrate Judge's Report and Recommendation was thorough and well reasoned, the court briefly writes to explain certain aspects of this ruling adopting it.

Petitioner has raised four objections, all of which concern the same action by his attorney. (See Doc. #25). During the trial, Petitioner's attorney declined to move to suppress the package of cocaine seized by Postal Inspector Jaworowski. (Civ. Doc. #16 at 46). Petitioner's attorney did so for at least two reasons: (1) he relied on Petitioner's false assurances that he was innocent and had

no connection with the package[1] and (2) there was a substantial question as to whether Petitioner had standing to challenge the seizure of the package as he was not the addressee on the package. The Report and Recommendation found these justifications credible. (Doc. #24 at 13, 16-17).

Petitioner's first two objections attack these justifications. First, Petitioner asserts that his attorney's reliance on his false statements was unreasonable because his attorney should have been put on notice that he was lying about being ignorant of the contents of the package when he asked his attorney, hypothetically, what the consequences would be if he testified that he was only expecting powder cocaine. (Doc. #25 at 2). Second, Petitioner disagrees with the Magistrate Judge's legal conclusion that, under Eleventh Circuit law, Petitioner lacked standing to suppress the evidence in question. (Doc. #25 at 2-4). Both of these arguments fail to hold water for one simple reason: the question at hand is whether Petitioner's attorney provided ineffective assistance of counsel, not whether he fell short of being able to read his client's mind.

The standard for evaluating attorney conduct is an objective one; the court considers whether the attorney acted reasonably. *Johnson v. Alabama*, 256 F. 3d 1156, 1176 (11th Cir. 2001). As applied to the first objection, the court cannot conclude that Petitioner's attorney acted unreasonably by relying on the statements of his client as true. Even if Petitioner's attorney did not fully believe him, he testified that he expected that filing a motion to suppress the package would be seen as an admission that Petitioner knew about the package, which would undermine his position that he had no involvement in the drug transaction. (Civ. Doc. #16 at 46). This is an entirely reasonable conclusion related to trial strategy.

---

[1] Filing a motion to suppress the package, Mr. Barclay testified, would be seen as an admission that Petitioner knew about the package, which would undermine his position that he had no involvement in the drug transaction. (Civ. Doc. #16 at 46). This was clearly a tactical decision based upon the adament position of his client.

Turning to Petitioner's second objection, the court points out that the relevant question is not whether or not Eleventh Circuit law actually denies Petitioner standing to suppress the package. Again, the relevant question is whether Petitioner's attorney was acting reasonably when he suspected that the court would find that his client lacked standing to suppress the package. Given that the Eleventh Circuit has held that a defendant does not have a reasonable expectation of privacy in a letter in which he is neither the sender nor the addressee, this legal strategy was indeed reasonable. *See United States v. Smith*, 39 F.3d 1143, 1145 (11th Cir. 1994). Moreover, as Petitioner now admits, he consistently — and quite falsely — told his lawyer that he had nothing to do with the package. An attorney relying upon this misinformation would have no reason to expect his client to have standing to challenge a package not addressed to him and that he reportedly was not expecting. *See United States v. Van Leeuwen*, 397 U.S. 249, 251 (1970). Petitioner may now be disappointed with the fruits of his misdirection, but, even in his communications with his own attorney, he had sown only lies.

Petitioner's third objection challenges the Magistrate Judge's conclusion that the seizure of the package was not committed in violation of the Fourth Amendment. (Doc. #25 at 4). This argument misses the mark. Again, the question at issue is whether Petitioner's counsel provided ineffective assistance by failing to file a motion to suppress the package. For the reasons already discussed, the Magistrate Judge found, and the court agrees, that Petitioner's attorney did not perform deficiently in this respect.[2]

---

[2] Under this same objection, Petitioner noted that the Magistrate Judge incorrectly described a transcript as a transcript of the suppression hearing rather than of the trial. (Doc. #25 at 4). That was an error and the court makes note of this to correct that mistake as a matter of the record. But it is a mistake that did not make any difference here.

Finally, Petitioner's fourth objection takes issue with the Magistrate Judge's conclusion that he was not prejudiced by his attorney's performance because he actually already knew about the sentencing disparity between powder cocaine and crack cocaine. (Doc. #25 at 5). Petitioner admits that he already knew about the disparity, but insists that, because he is not a lawyer, he should not be expected to fully understand the meaning of the sentencing disparity. The court disagrees.

Petitioner admits that he was aware of both the sentencing disparity and the risks he faced by going to trial. (Doc. #25 at 5). That is, he knew of the risks occasioned by his continued deception, but nevertheless rolled the dice. Now that he has lost, he seeks, pursuant to his § 2255 petition, to take another roll. But that is not what a § 2255 motion was designed to do. *See United States v. Frady*, 456 U.S. 152, 165 (1982).

For all these reasons, as well as those explained in his opinion, the Magistrate Judge's Report and Recommendation (Doc. #24) is **ADOPTED**, and his Recommendation is **ACCEPTED**, and Petitioner's objections are **OVERRULED**.

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. #1) is **DENIED**.

**DONE** and **ORDERED** this  29th  day of July, 2013.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE